**RECEIVED**

**MAR 12 2019** *bb*

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| CENGAGE LEARNING, INC.; BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC; MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC; and PEARSON EDUCATION, INC.; <br><br> Plaintiffs, <br><br> v. <br><br> MORENA FOR INTERNATIONAL TRADING; MORENA HONG KONG LIMITED; AIKA TRADING COMPANY; KLONI; ZEENA BOOKS LLC; MAZEN ALALI; SAWSAN SHABAAN; AHMAD HARASIS; and DOES 1-20, <br><br> Defendants. | 1:19-cv-01727 <br> Judge Robert W. Gettleman <br> Magistrate Judge Sheila M. Finnegan <br><br> **COMPLAINT FOR:** <br><br> 1) COPYRIGHT INFRINGEMENT, 17 U.S.C. § 101 *et seq.* <br> 2) SECONDARY COPYRIGHT INFRINGEMENT, 17 U.S.C. § 101 *et seq.* <br> 3) TRADEMARK COUNTERFEITING AND INFRINGEMENT, 15 U.S.C. § 1114(1) <br> 4) FALSE DESIGNATION OF ORIGIN, 15 U.S.C. § 1125 <br><br> **JURY DEMAND** |

Plaintiffs Cengage Learning, Inc. ("Cengage"), Bedford, Freeman & Worth Publishing Group, LLC ("Macmillan Learning"), McGraw-Hill Global Education Holdings, LLC ("MHE"), and Pearson Education, Inc. ("Pearson) (collectively, "Plaintiffs"), for their Complaint against Defendants Morena for International Trading and Morena Hong Kong Limited (collectively, "Morena"), Aika Trading Company ("Aika"), Kloni, Zeena Books LLC ("Zeena"), Mazen Alali (aka Aym Hjz, Hamza Alali, Haz Li, Hend Ai, Lolo Abc, Mazen Ali, Mazen Sayes, and Walaa Awad), Sawsan Shabaan, Ahmad Harasis, and Does 1-20, allege, on personal knowledge as to matters relating to themselves and on information and belief as to all other matters, as follows:

### INTRODUCTION

1.      This is a case involving extensive violations of the federal laws concerning copyright and trademark infringement.  It arises from Defendants' intentional, widespread, and

ongoing distribution of counterfeit textbooks in the United States, to the detriment of authors, students, publishers, and others.

2.      Plaintiffs are leading educational publishers who develop, market, distribute, license, and sell a comprehensive range of traditional and digital educational content and tools to professionals and students.  Plaintiffs' textbooks are among the most popular and widely used titles in their fields.

3.      Defendants intentionally sell counterfeit copies of Plaintiffs' textbooks, bearing unauthorized reproductions of Plaintiffs' trademarks, to book distributors and individual consumers through a variety of channels, including wholesale sales, online sales, and distributor "buyback" programs.  Defendants' counterfeiting activity displaces legitimate sales and undercuts the perceived value of Plaintiffs' works and trademarks.

4.      Plaintiffs bring this Complaint for damages and injunctive relief to put a stop to and seek redress for Defendants' infringement of Plaintiffs' intellectual property rights.

### JURISDICTION AND VENUE

5.      This is a civil action arising under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and the Lanham Act, 15 U.S.C. §§ 1114 *et seq.*  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121.

6.      The Court has personal jurisdiction over Defendants.  Defendants have systematically and continuously imported counterfeit textbooks into and distributed counterfeit textbooks from Illinois and this District.  Defendants distribute counterfeits through a warehouse located in Elk Grove Village, Illinois.  They also use a variety of addresses in Illinois, including those in Chicago and Liberty, Illinois, to sell counterfeit textbooks to book distributors and consumers.  Orders for Defendants' online and other book businesses are also fulfilled from within the State.  Defendants have caused injury to Plaintiffs within the State, and expected or

2

reasonably should have expected their illegal acts to have consequences within the State.

7.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## PARTIES

8.      Plaintiff Cengage, formerly Thomson Learning Inc., is a Delaware corporation with a principal place of business at 20 Channel Center Street, Boston, Massachusetts 02210.

9.      Plaintiff Macmillan Learning is a New York limited liability company with a principal place of business at One New York Plaza, New York, New York 10004.

10.     Plaintiff MHE is a Delaware limited liability company with its principal place of business at 2 Penn Plaza, New York, New York 10121.

11.     Plaintiff Pearson is a Delaware corporation with its principal place of business at 221 River Street, Hoboken, New Jersey 07030.

12.     Defendants Morena, Aika, and Kloni are believed to be business entities located in Amman, Jordan that are individually and/or collectively engaged in the business of selling textbooks.  Defendant Zeena is believed to be a Delaware limited liability company that operates out of a warehouse located at 101 Lively Boulevard, Elk Grove Village, Illinois 60007.  These parties collectively are referred to below as "the corporate Defendants."

13.     Defendants Mazen Alali, Sawsan Shabaan, and Ahmad Harasis are individuals located in Amman, Jordan who own, control, and/or manage the Defendants listed in paragraph 12 above and/or sell textbooks in their individual capacities.  Mazen Alali is associated with at least Morena and Aika; Shabaan is associated with at least Aika; and Harasis is associated with at least Kloni. These parties collectively are referred to below as "the individual Defendants."

14.     Plaintiffs do not know all of the business and individual names under which Defendants and others participating in their counterfeiting activity operate and, therefore, have also brought this suit against Defendants Does 1-20.  To the extent that any of the aliases listed

3

as "aka" names for Defendant Mazen Alali are real persons, they will be added as named defendants.

## PLAINTIFFS' BUSINESSES

15.     Plaintiffs are among the largest providers of textbooks and tailored learning solutions. In the academic marketplace, Plaintiffs serve secondary, post-secondary, and graduate-level students, teachers, and learning institutions providing quality content, assessment tools, and educational services in all available media. Plaintiffs' products and services are sold throughout the United States and in many other countries, through direct channels and via a network of distributors. Plaintiffs invest significant resources annually in the worldwide and promotion of their goods and services under all their trademarks.

16.     Plaintiffs' textbooks are widely available in the marketplace for sale or rental.

17.     Plaintiffs suffer financial and reputational injury when their copyrights and trademarks are infringed. A substantial decline in revenue from sales or rentals of Plaintiffs' copyrighted works could cause Plaintiffs to cease publication of one or more deserving textbooks. This would have an adverse impact on the creation of new textbooks, on scholarly endeavor, and on scientific progress, by making it more difficult to publish deserving textbooks.

18.     Both publishers and authors alike are deprived of income when their textbooks are unlawfully copied and sold, or when their copyrights are otherwise infringed, which can have serious financial and creative repercussions for them and their work.

## PLAINTIFFS' FEDERALLY REGISTERED COPYRIGHTS AND TRADEMARKS

19.     Plaintiffs are the copyright owners of and/or the owners of the exclusive rights under copyright in those works or derivative works described on Exhibit A ("Plaintiffs' Books" or "Books"). Plaintiffs or their affiliates have obtained copyright registrations, duly issued by the United States Copyright Office, covering their respective Books.

4

20.     Plaintiffs' Books bear trademarks as set forth on Exhibit B ("Plaintiffs' Marks" or "Marks"), which Plaintiffs or their affiliates have duly registered on the Principal Registrar of the United States Patent and Trademark Office. Plaintiffs own or are the exclusive licensee of their respective Marks. Plaintiffs' Marks are distinctive and arbitrary and many are now incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065. Plaintiffs have invested decades of effort in building a reputation of quality in the publishing industry, which consumers associate with Plaintiffs' Marks.

21.     Plaintiffs publish their works under many valuable imprints, or brands. Exhibit C includes a complete list of Plaintiffs' respective imprints.

### DEFENDANTS' UNLAWFUL ACTIVITIES

22.     Defendants have distributed counterfeit copies of Plaintiffs' Books, bearing counterfeits of Plaintiffs' Marks, in the United States. These counterfeits are manufactured overseas, including in China; exported by Defendants Morena, Aika, and/or Kloni; and imported into the United States by their affiliates, including, without limitation, Defendant Zeena.

23.     Defendants, without any authorization or license from Plaintiffs, have knowingly and willfully distributed the counterfeit textbooks and continue to do so. Plaintiffs did not print, or authorize the printing of, the counterfeit textbooks. Plaintiffs did not ever sell, or authorize others to sell, the counterfeit textbooks.

24.     Defendants, without any authorization or license from Plaintiffs, have knowingly and willfully used and continue to use Plaintiffs' Marks in connection with the advertisement, distribution, offer for sale, and/or sale of the counterfeit textbooks. Defendants advertise and purport to sell the legitimate and authorized versions of the books published by Plaintiffs, but actually distribute counterfeit versions.

25.     Defendants' activities are rampant. Exhibit A describes the copyrighted works

(i.e., textbook titles) Defendants have distributed that Plaintiffs have discovered to date. Exhibit A is representative, not comprehensive, and will be updated over the course of discovery in this action. Nevertheless, even at this early stage of the proceeding, Exhibit A already lists 52 separate titles that Defendants have infringed.

26.     Defendants distribute counterfeit copies of Plaintiffs' Books to book distributors in the United States. Multiple distributors have surrendered counterfeits to Plaintiffs that Defendants distributed to them. Defendants also sell counterfeits to individual consumers, including through online sales and the application OfferUp.

27.     In addition to the names of the individual Defendants, Defendants sell counterfeits using a variety of other names, aliases, and/or fictitious names including, without limitation, Aym Hjz, Hamza Alali, Haz Li, Hend Ai, Lolo Abc, Mazen Ali, Mazen Sayes, and Walaa Awad. Defendants also use a variety of street addresses in the United States to sell counterfeits. For example, in 2017-2018, Defendants provided at least four different Illinois addresses and two different Texas addresses to distributors in the course of selling them counterfeits. Further, Defendants use a host of email addresses, which are mixed and matched with the various aliases, including, without limitation: a.hars@klonico.com; a.hijazi6868@gmail.com; alaih15@gmail.com; mzam201666@mail.com; hend.alali1111@gmail.com; abcbook10@yahoo.com; mazen.alali@morena-me.com; samir.khattab59@mail.com; sara1985madreed@gmail.com; msayes68@mail.com; sawsan.shaban@aika-me.com; and wala1985awad@gmail.com. Plaintiffs do not currently know all of the identities and channels through with Defendants distribute counterfeit textbooks in violation of their copyright and trademark rights.

28.     Defendants hide behind these pseudonyms and provide varying contact information in an effort to conceal their true identities and also to avoid limitations in certain

6

distributors' buyback purchasing programs, which are supposed to be a platform for selling legitimate used books. Defendants sell new counterfeit books, but intentionally have markings added to them to make them appear used.

29.     Defendants not only falsely represent to purchasers that the textbooks they sell are authentic, but they also falsely represent that they, or their direct sources, acquired the counterfeits from the Plaintiffs' own overseas affiliates. Defendants provide counterfeit publisher "invoices" to customers and ship counterfeit textbooks in cartons bearing Plaintiffs' trademarks and the addresses of their overseas affiliates to support these false representations.

30.     Tens of thousands of purported copies of Plaintiffs' Books that Defendants imported and/or supplied are currently located in a warehouse in Elk Grove Village, Illinois operated by Radius International ("Radius") (and formerly by MEA Cargo, whose assets were purchased by Radius), which describes itself as a freight forwarder.

31.     On March 8, 2019, in response to a subpoena in another action, Plaintiffs began an inspection of these books with Radius's permission. Due to the massive number and storage configuration of the books, encompassing many separate titles, Plaintiffs were not able to complete the inspection in one day. However, the inspection confirmed the extensive nature of Defendants' infringement, as *every book* about which Plaintiffs could reach a conclusion was determined to be counterfeit (and counterfeits that have since been sold clearly were not available for inspection). Based on this, Plaintiffs believe that all of the books are likely to be counterfeit.

32.     Through other litigation against or involving sellers of counterfeit textbooks supplied by Defendants, Defendants have been made aware of Plaintiffs' infringement claims since at least early 2018, if not before, and yet have continued to sell, to this day, counterfeits of Plaintiffs' Books.

33.     Based on the above-described illegal conduct, at the time that Defendants imported and distributed counterfeits of Plaintiffs' Books, Defendants knew or should have known that the books were infringing. Defendants either manufactured them, commissioned their manufacture, or procured them in a deliberate effort to maximize their financial gain.

34.     The individual Defendants directed, supervised, and/or controlled the infringing activity of the corporate Defendants. Among other things, the individual Defendants selected, oversaw, and/or approved the counterfeits and the parties to whom they were distributed. The individual Defendants also had a direct financial interest in, and stood to gain a direct financial benefit from, the infringing activity of the corporate Defendants.

35.     By engaging in the illegal conduct alleged above, in addition to directly organizing and effectuating such infringing activities, each Defendant also knowingly encouraged, caused, or materially contributed to infringing conduct by others, including the other Defendants.

36.     The counterfeits of Plaintiffs' Books distributed by Defendants are different from and often inferior to Plaintiffs' legitimate textbooks. Among other differences, the binding, glue, paper, color, and/or printing quality may be different and inferior. Sometimes pages are missing or out of place. Despite these differences, based on the use of Plaintiffs' Marks, certain actual and prospective purchasers are likely to believe that the counterfeits of Plaintiffs' Books are legitimate. This causes confusion and weakens, blurs, and tarnishes Plaintiffs' respective Marks. Plaintiffs' business reputations are further injured by having their Marks and the goodwill associated with them confused or mistakenly associated with textbooks of a lesser quality.

37.     While Plaintiffs have identified some of the counterfeit textbook titles that Defendants have distributed, they have not yet identified all of them. The works described on Exhibit A and the trademarks described on Exhibit B are representative only. Plaintiffs expect

8

that Exhibit A and Exhibit B will be expanded in discovery, thereby expanding the scope of "Plaintiffs' Books" and "Plaintiffs' Marks," as defined herein.

## FIRST CLAIM FOR RELIEF

### Copyright Infringement Under 17 U.S.C. §§ 101, *et seq.*

38.     Plaintiffs re-allege and incorporate by reference the allegations set forth above in paragraphs 1-37.

39.     Plaintiffs' Books constitute original works and copyrightable subject matter pursuant to the Copyright Act, and they are protected by registrations duly issued to Plaintiffs (or their predecessors or affiliates) by the United States Copyright Office.

40.     At all relevant times, Plaintiffs have been and still are the owners, or exclusive licensees, of all rights, title, and interest in and to their respective copyrights in Plaintiffs' Books, which have never been assigned, licensed, or otherwise transferred to Defendants.

41.     Beginning on an unknown date, but at least since March 2017, and continuing to the present, Defendants, with knowledge of Plaintiffs' copyrights in Plaintiffs' Books, have infringed Plaintiffs' copyrights by violating Plaintiffs' exclusive rights under 17 U.S.C. § 106, including the right to reproduce Plaintiffs' Books and/or distribute them to the public by sale or other transfer of ownership. Defendants did so by, among other things, distributing counterfeit copies of Plaintiffs' Books to book distributors and other purchasers, without Plaintiffs' permission, license, or consent.

42.     Beginning on an unknown date, but at least since March 2017, and continuing to the present, with knowledge of Plaintiffs' copyrights in Plaintiffs' Books, Defendants have infringed Plaintiffs' copyrights by importing counterfeit copies of Plaintiffs' Books, without Plaintiffs' permission, license, or consent.

43.     Defendants' unlawful conduct, as set forth above, was willful. Defendants had

9

actual and/or constructive knowledge that their conduct was unlawful and in violation of

Plaintiffs' copyrights. Defendants acted intentionally and/or in reckless disregard of Plaintiffs'

copyrights.

44. As a result of Defendants' unlawful and deliberate conduct as set forth above,

Plaintiffs have been, and will continue to be, damaged.

45. Defendants' actions described above have caused and will continue to cause

irreparable damage to Plaintiffs, for which Plaintiffs have no remedy at law. Unless this Court

restrains Defendants from continuing their infringement of Plaintiffs' copyrights, these injuries

will continue to occur in the future. Plaintiffs are accordingly entitled to injunctive relief

restraining Defendants from further infringement, as well as other appropriate equitable relief, as

specified below.

**SECOND CLAIM FOR RELIEF**

**Secondary (Contributory and Vicarious) Copyright Infringement
Under 17 U.S.C. §§ 101, *et seq.***

46. Plaintiffs re-allege and incorporate by reference the allegations set forth above in

paragraphs 1-37.

47. Plaintiffs' Books constitute original works and copyrightable subject matter

pursuant to the Copyright Act, and they are protected by registrations duly issued to Plaintiffs (or

their predecessors or affiliates) by the United States Copyright Office.

48. At all relevant times, Plaintiffs have been and still are the owners, or exclusive

licensees, of all rights, title, and interest in and to their respective copyrights in Plaintiffs' Books,

which have never been assigned, licensed, or otherwise transferred to Defendants.

49. Beginning on an unknown date, but at least since March 2017, and continuing to

the present, Defendants, with knowledge of infringing conduct by others, including that of other

Defendants, encouraged, caused, and materially contributed to such infringing conduct.

50.     The individual Defendants knowingly engaged in, supervised, and/or controlled the importation and/or distribution of counterfeit copies of Plaintiffs' Books by the corporate Defendants, and had a direct financial interest in, and stood to gain a direct financial benefit from, such infringing activity.

51.     Defendants' unlawful conduct, as set forth above, was willful. Defendants had actual and/or constructive knowledge that their conduct was unlawful and in violation of Plaintiffs' copyrights. Defendants acted intentionally and/or in reckless disregard of Plaintiffs' copyrights.

52.     As a result of Defendants' unlawful and deliberate conduct as set forth above, Plaintiffs have been, and will continue to be, damaged.

53.     Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiffs, for which Plaintiffs have no remedy at law. Unless this Court restrains Defendants from continuing their infringement of Plaintiffs' copyrights, these injuries will continue to occur in the future. Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further infringement, as well as other appropriate equitable relief, as specified below.

## THIRD CLAIM FOR RELIEF

### Trademark Counterfeiting and Infringement Under 15 U.S.C. § 1141(1)

54.     Plaintiffs re-allege and incorporate by reference the allegations set forth above in paragraphs 1-37.

55.     This claim, arising under Section 32 of the Lanham Act, 15 U.S.C. § 1114(1), is for counterfeiting and infringement of Plaintiffs' Marks. At all relevant times, Plaintiffs have been and still are the owners, or exclusive licensees, of all rights, title, and interest in and to their respective Marks, which are valid and protectable trademarks that are registered with the United

States Patent and Trademark Office.

56.     Beginning on an unknown date, but at least since March 2017, and continuing to the present, Defendants have infringed Plaintiffs' federally registered Marks through their use in commerce, without Plaintiffs' consent, of a reproduction, counterfeit, copy, and/or colorable imitation of Plaintiffs' Marks in connection with the sale, offering for sale, distribution, and/or advertising of textbooks that are not authorized copies of Plaintiffs' Books, with such use being likely to cause confusion, to cause mistake, or to deceive the public.

57.     The spurious, counterfeit marks on the counterfeit books that Defendants have distributed are identical to and/or substantially indistinguishable from Plaintiffs' Marks that appear on Plaintiffs' Books.

58.     Defendants have acted intentionally and in reckless disregard of Plaintiffs' trademark rights. Defendants are intentionally using Plaintiffs' Marks on unauthorized products and infringing upon Plaintiffs' trademark rights in order to further their own business enterprises.

59.     Defendants' counterfeiting and infringement of Plaintiffs' Marks, as described above, has caused and will continue to cause irreparable injury to Plaintiffs' reputations and goodwill, for which Plaintiffs have no adequate remedy at law. Unless this Court restrains Defendants from continuing their counterfeiting activities, these injuries will continue to occur in the future. Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further counterfeiting/infringement, as well as other appropriate equitable relief, as specified below.

## FOURTH CLAIM FOR RELIEF

### False Designation of Origin and False Description Under 15 U.S.C. § 1125(a)

60.     Plaintiffs re-allege and incorporate by reference the allegations set forth above in paragraphs 1-37.

12

61.     Without Plaintiffs' authorization, Defendants are marketing, offering for sale, and selling in commerce counterfeits of Plaintiffs' Books bearing unauthorized reproductions of Plaintiffs' Marks.

62.     Defendants are explicitly and falsely representing to purchasers and prospective purchasers that the counterfeit textbooks are authentic because they were purchased from the Plaintiffs themselves.

63.     Defendants' aforesaid uses of Plaintiffs' Marks and related false representations have caused and are likely to continue to cause confusion, mistake, and/or deception as to the source or origin of Defendants' goods, in that the public, and others, are likely to believe that Defendants' goods are provided by, sponsored by, approved by, licensed by, affiliated with, or in some other way legitimately connected with Plaintiffs. Defendants' actions are intentional and in reckless disregard of Plaintiffs' rights.

64.     Defendants' unlawful actions described above have caused and will continue to cause irreparable damage to Plaintiffs, for which Plaintiffs have no remedy at law. Unless this Court restrains Defendants from continuing their conduct in violation of 15 U.S.C. § 1125(a), these injuries will continue to occur in the future. Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from such further violations, as well as other appropriate equitable relief, as specified below.

## PRAYER FOR RELIEF

By reason of the acts and circumstances alleged above, Plaintiffs seek relief from this Court as follows:

1.     Judgment on each of the claims set forth above, including that Defendants' infringements were intentional and willful.

2. Damages and/or restitution according to proof at trial, including exemplary damages where authorized by statute;

3. An accounting and disgorgement of Defendants' profits, gains, and advantages realized from their unlawful conduct, including a reconciliation of purchases and sales of Plaintiffs' Books, with documents relating to all such purchases and sales;

4. An order requiring Defendants to pay Plaintiffs such damages as Plaintiffs have sustained as a consequence of Defendants' unlawful acts as alleged above, including actual damages or statutory damages, at Plaintiffs' election, pursuant to 17 U.S.C. § 504;

5. An order enjoining Defendants and those acting in concert with them from further infringing upon Plaintiffs' respective copyrights pursuant to 17 U.S.C. § 502;

6. An order enjoining Defendants and those acting in concert with them from further infringing upon Plaintiffs' respective trademarks pursuant to 15 U.S.C. § 1116;

7. An order requiring Defendants to pay Plaintiffs such damages as Plaintiffs have sustained as a consequence of Defendants' unlawful use of their trademarks, as alleged above, including statutory damages or treble damages, pursuant to 15 U.S.C. § 1117;

8. An order requiring Defendants to deliver up for destruction all products, packaging, labels, literature, advertising, and other material bearing imitations, including confusingly similar variations, of Plaintiffs' respective copyrights and trademarks pursuant to 17 U.S.C. § 503 and 15 U.S.C. § 1118;

9. Prejudgment and post-judgment interest at the applicable rate;

10. Plaintiffs' attorney's fees, expenses, and costs of suit; and

11. Such other and further relief the Court deems proper.

## DEMAND FOR JURY

Plaintiffs hereby demand a jury as to all issues so triable.

Dated:  March 12, 2019

Respectfully submitted,

*/s/ Matthew J. Oppenheim*
Matthew J. Oppenheim (Bar No. 443698)
Michele H. Murphy (*pro hac* motion to be filed)
**OPPENHEIM + ZEBRAK, LLP**
4530 Wisconsin Ave, NW, 5th Floor
Washington, DC  20016
Telephone:  (202) 480-2999
matt@oandzlaw.com
michele@oandzlaw.com

*Attorneys for Plaintiffs*

15

# Exhibit A

## Exhibit A

| ISBN | Publisher | Title | Edition | Author | Copyright Registration | Copyright Date |
|---|---|---|---|---|---|---|
| 9781133434801 | CENGAGE | Advertising Campaign Strategy: A Guide To Marketing Communication Plans | 5 | Parente | TX 7-968-594 | 10/20/14 |
| 9781305500846 | CENGAGE | Business Ethics: Ethical Decision Making & Cases | 11 | Ferrell | TX 8-253-339 | 3/4/16 |
| 9781285185248 | CENGAGE | Business Law: Text And Cases | 13 | Clarkson | TX 7-853-365 | 3/7/14 |
| 9781337275347 | CENGAGE | Calculus | 11 | Larson | TX 8-373-820 | 2/8/17 |
| 9781305957404 | CENGAGE | Chemistry | 10 | Zumdahl | TX 8-587-507 | 2/6/17 |
| 9781133611097 | CENGAGE | Chemistry | 9 | Zumdahl | TX 7-736-750 | 6/3/13 |
| 9781285453538 | CENGAGE | Economics: Private And Public Choice | 15 | Gwartney | TX 7-849-751 | 3/19/14 |
| 9781305092969 | CENGAGE | Family Therapy: An Overview | 9 | Goldenberg | TX 8-285-292 | 5/5/16 |
| 9781285186139 | CENGAGE | Management Information Systems | 7 | Sousa | TX 7-913-233 | 5/6/14 |
| 9781133949015 | CENGAGE | Precalculus | 9 | Larson | TX 7-674-990 | 2/5/13 |
| 9781285165875 | CENGAGE | Principles Of Economics | 7 | Mankiw | TX 7-839-004 | 2/4/14 |
| 9781305263727 | CENGAGE | Theory And Practice Of Counseling And Psychotherapy | 10 | Corey | TX 8-238-467 | 3/3/16 |
| 9781464126116 | MACMILLAN | Lehninger Principles Of Biochemistry | 7 | Nelson | TX 8-415-420 | 5/11/17 |
| 9781429234146 | MACMILLAN | Lehninger Principles Of Biochemistry | 6 | Nelson | TX 7-632-681 | 11/27/12 |
| 9780078112850 | MCGRAW-HILL | Employee Training & Development | 7 | Noe | TX 7-637-399 | 12/3/12 |
| 9781259277214 | MCGRAW-HILL | Essentials of Corporate Finance | 9 | Ross | TX 8-349-025 | 11/21/16 |
| 9780077835422 | MCGRAW-HILL | Essentials of Investments | 10 | Bodie | TX 8-279-004 | 11/15/16 |
| 9780078117084 | MCGRAW-HILL | Mirror for Humanity: A Concise Introduction To Cultural Anthropology | 10 | Conrad | TX 7-790-873 | 10/9/13 |
| 9781259420474 | MCGRAW-HILL | Strategic Management: Concepts | 3 | Rothaermel | TX 8-434-038 | 6/21/17 |
| 9781259442711 | MCGRAW-HILL | Window On Humanity: A Concise Introduction To General Anthropology | 7 | Conrad | TX 8-408-940 | 4/20/17 |
| 9780133871319 | PEARSON | A Framework For Marketing Management | 6 | Kotler | TX 8-123-806 | 5/26/15 |
| 9780132850636 | PEARSON | Assessment Procedures For Counselors And Helping Professionals | 8 | Drummond | TX 8-125-850 | 6/25/15 |
| 9780134093413 | PEARSON | Campbell Biology | 11 | Urry | TX 8-472-354 | 8/14/17 |
| 9780133753820 | PEARSON | Communication: Principles For A Lifetime | 6 | Beebe | TX 8-144-299 | 8/4/15 |
| 9780134083278 | PEARSON | Corporate Finance | 4 | Berk | TX 8-463-132 | 9/13/17 |
| 9780132992473 | PEARSON | Corporate Finance | 3 | Berk | TX 7-705-514 | 4/15/13 |
| 9780134060354 | PEARSON | Curriculum: Foundations, Principles, And Issues | 7 | Ornstein | TX 8-425-354 | 7/17/17 |
| 9780134205571 | PEARSON | Sociology: A Down-To-Earth Approach | 13 | Henslin | TX 8-232-978 | 2/16/16 |
| 9780134205588 | PEARSON | Essentials of Sociology: A Down-To-Earth Approach | 12 | Henslin | TX 8-232-933 | 2/16/16 |
| 9780133109290 | PEARSON | Ethics For The Legal Professional | 8 | Orlik | TX 7-701-334 | 4/5/13 |
| 9780133826609 | PEARSON | Family Therapy: Concepts And Methods | 11 | Nichols | TX 8-242-375 | 3/4/16 |
| 9780133427530 | PEARSON | Financial Accounting | 10 | Harrison | TX 7-944-977 | 8/15/14 |
| 9780133919783 | PEARSON | Financing Education In A Climate Of Change | 12 | Brimley | TX 8-050-106 | 4/9/15 |
| 9780132994873 | PEARSON | Foundations Of Finance | 8 | Keown | TX 7-675-398 | 2/15/13 |
| 9780134083285 | PEARSON | Foundations Of Finance: The Logic And Practice Of Financial Management | 9 | Keown | TX 8-389-129 | 3/2/17 |
| 9780133905205 | PEARSON | Groups: A Counseling Specialty | 7 | Gladding | TX 8-125-765 | 7/10/15 |
| 9780133856460 | PEARSON | Marketing Management | 15 | Kotler | TX 8-144-794 | 8/4/15 |
| 9780134167404 | PEARSON | Marketing Research | 8 | Burns | TX 8-392-422 | 3/20/17 |
| 9780134149530 | PEARSON | Marketing: An Introduction | 13 | Armstrong | TX 8-398-692 | 4/17/17 |
| 9780134130422 | PEARSON | Operations Management: Sustainability And Supply Chain Management | 12 | Heizer | TX 8-382-066 | 1/27/17 |
| 9780134103983 | PEARSON | Organizational Behavior | 17 | Robbins | TX 8-258-549 | 2/16/16 |
| 9780133741322 | PEARSON | Practical Research: Planning And Design | 11 | Leedy | TX 8-125-390 | 7/10/15 |
| 9780133084047 | PEARSON | Principles Of Marketing | 15 | Kotler | TX 7-696-309 | 4/1/13 |
| 9780133753981 | PEARSON | Public Speaking Handbook | 5 | Beebe | TX 8-144-793 | 8/4/15 |
| 9780133936544 | PEARSON | Social Psychology | 9 | Aronson | TX 8-126-280 | 7/10/15 |
| 9780205959136 | PEARSON | Social Welfare: Politics And Public Policy | 8 | Johnson | TX 8-140-574 | 7/31/15 |
| 9780134206325 | PEARSON | Society: The Basics | 14 | Macionis | TX 8-242-358 | 3/4/16 |
| 9780133444797 | PEARSON | Strategic Management: A Competitive Advantage Approach, Concepts & Cases | 15 | David | TX 7-856-872 | 3/18/14 |
| 9780132615648 | PEARSON | Substance Abuse Counseling: Theory And Practice | 5 | Stevens | TX 7-543-628 | 5/11/12 |
| 9780133884869 | PEARSON | Supervision Today | 8 | Robbins | TX 8-066-933 | 4/16/15 |
| 9780205968060 | PEARSON | The Expanding Family Life Cycle: Individual, Family, And Social Perspectives | 5 | McGoldrick | TX 8-125-043 | 6/26/15 |
| 9780133905410 | PEARSON | The School And Community Relations | 11 | Moore | TX 8-033-253 | 2/9/15 |

# Exhibit B

Exhibit B

| | | | |
|---|---|---|---|
| BEDFORD, FREEMAN AND WORTH PUBLISHING GROUP, LLC | MACMILLAN | 969,205 | 9/25/73 |
| BEDFORD, FREEMAN AND WORTH PUBLISHING GROUP, LLC | MACMILLAN LEARNING | 5,599,332 | 11/6/18 |
| CENGAGE LEARNING, INC. | BROOKS/COLE | 3,386,242 | 02/19/08 |
| CENGAGE LEARNING, INC. | CENGAGE LEARNING | 3,603,376 | 4/7/09 |
| MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC | MCGRAW HILL EDUCATION | 4,664,267 | 12/30/14 |
| PEARSON EDUCATION, INC. | ALWAYS LEARNING | 4,708,487 | 3/24/15 |
| PEARSON EDUCATION, INC. | PEARSON | 2,599,724<br>2,600,081<br>2,652,792<br>2,679,355<br>2,691,830 | 7/23/02<br>7/30/02<br>11/19/02<br>1/28/03<br>3/4/03 |
| PEARSON EDUCATION, INC. | ALLYN & BACON | 1,602,228 | 6/19/90 |

# Exhibit C

**Exhibit C - Imprints**

| BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC | CENGAGE LEARNING, INC. |
|---|---|
| Bedford, Freeman & Worth High School Publishers<br>Bedford/St. Martin's<br>BFW<br>BFW High School Publishers<br>Freeman<br>Macmillan Education<br>Macmillan Learning<br>W.H. Freeman & Company<br>Worth<br>Worth Publishers | Brooks Cole<br>Cengage<br>Cengage Learning<br>Course Technology<br>Delmar<br>Gale<br>Heinle<br>Milady<br>National Geographic Learning<br>South-Western Educational Publishing<br>Wadsworth |

| MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC | PEARSON EDUCATION, INC. |
|---|---|
| Irwin<br>Lange<br>McGraw-Hill<br>McGraw-Hill Education<br>McGraw-Hill Higher Education<br>McGraw-Hill Professional<br>McGraw-Hill Ryerson<br>McGraw-Hill/Appleton & Lange<br>McGraw-Hill/Contemporary<br>McGraw-Hill/Dushkin<br>McGraw-Hill/Irwin<br>NTC/Contemporary<br>Osborne<br>Schaum's | Addison Wesley<br>Adobe Press<br>Allyn & Bacon<br>Benjamin Cummings<br>Brady<br>Cisco Press<br>Financial Times Press/FT Press<br>IBM Press<br>Longman<br>New Riders Press<br>Peachpit Press<br>Pearson<br>Pearson Education<br>Prentice Hall<br>Que Publishing<br>Sams Publishing |