## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CENGAGE LEARNING, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 19 C 1727 |
| v. | ) | |
| | ) | Judge John Robert Blakey |
| MORENA FOR INTERNATIONAL | ) | |
| TRADING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PRELIMINARY INJUNCTION, ASSET FREEZE, AND CONTINUED EXPEDITED DISCOVERY ORDER

THIS CAUSE is before the Court on the Motion of Plaintiffs Cengage Learning, Inc., Bedford, Freeman & Worth Publishing Group, LLC, McGraw-Hill Global Education Holdings, LLC, and Pearson Education, Inc. (collectively, "Plaintiffs") against Defendants Morena for International Trading, Morena Hong Kong Limited, Aika Trading Company, Kloni, Zeena Books LLC, Mazen Alali, Sawsan Shabaan, Ahmad Harasis, and Does 1-20 (collectively, "Defendants") for a Preliminary Injunction and Asset Freeze ("Preliminary Injunction") and Continued Expedited Discovery. Plaintiffs' Motion is brought pursuant to Federal Rule of Civil Procedure 65, the Copyright Act (17 U.S.C. § 502(a)), and the Lanham Act (15 U.S.C. § 1116). Plaintiffs proceed on the basis that Defendants are importing, distributing, offering for sale, and/or selling counterfeits of Plaintiffs' textbooks, *i.e.*, unauthorized copies of Plaintiffs' copyrighted works bearing Plaintiffs' federally registered trademarks, as set forth in the Complaint.

## <u>PRELMINARY INJUNCTION</u>

The Court, having reviewed the Complaint, Plaintiffs' Memorandum of Law in Support of their Motion, supporting Declaration, and exhibits submitted therewith HEREBY FINDS:

Plaintiffs served Defendants with the Complaint and Exhibits A - C, the March 13, 2019 *Ex Parte* Temporary Restraining Order, Expedited Discovery Order, and Alternative Service Order (ECF No. 13), and Plaintiffs' Motion, Notice of Motion, and Memorandum of Law with Declaration and exhibits in support of their current Motion.

The Court has personal jurisdiction over Defendants. Defendants have imported counterfeit textbooks into and/or distributed counterfeit textbooks from Illinois and this District and Plaintiffs' claims arise from these activities. Specifically, Defendants distribute counterfeits through warehouses located in Illinois and use a variety of Illinois addresses to sell counterfeit textbooks. Orders for Defendants' online book businesses are also fulfilled from within the State.

Plaintiffs are likely to succeed in showing that Defendants have infringed and are continuing to infringe Plaintiffs' federally registered copyrights and trademarks in connection with Defendants' importation, distribution, offering for sale, and/or sale of counterfeits of Plaintiffs' textbooks, including via the following online storefronts:

    (1)    walaawa_0 (Seller URL https://www.ebay.com/usr/walaawa_0);

    (2)    mazeal-al0 (Seller URL https://www.ebay.com/usr/mazeal-al0);

    (3)    USA1bookstore (Seller ID AOEEEQCKKJOFL);

(4)     TextBooks Depot (Seller ID A1N8QE00QB7BD9);

(5)     MarketBook (Seller ID ACNG4MKGPXBXQ);

(6)     KHATTAB BOOKS (Seller ID A1A7BR3NUZ1MV2);

(7)     UR_BOOKSTORE (Seller ID A117NRWND03L09);

(8)     Unknown (Seller ID A334X5GM6WPMMT);

(9)     CENTER BOOKSHOP (Seller ID A1IVRNKEJVVF6M);

(10)    MONO BOOKSTORE (Seller ID A3SR3I0FMESIT4); and

(11)    Hippocrates books (Seller ID A3IYZWG4MZWNAW)

(collectively, the "Online Storefronts"). Defendants operate the Online Storefronts on the eBay.com and Amazon.com marketplaces (the "Online Marketplaces").

The importation, distribution, offering for sale, and/or sale of counterfeits of Plaintiffs' textbooks will result in immediate and irreparable injury to Plaintiffs if the requested relief is not granted and no adequate remedy at law exists. Plaintiffs will lose control over the exercise of their exclusive rights and the reputation of their brands, and also suffer an indeterminable amount of harm through sales lost to counterfeits.

Accordingly, IT IS HEREBY ORDERED, in accordance with Rule 65 of the Federal Rules of Civil Procedure, the Copyright Act (17 U.S.C. § 502(a)), and the Lanham Act (15 U.S.C. § 1116), and the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, and no prior application having been granted, that:

1.     Defendants, their officers, directors, agents, servants, representatives,

employees, successors, and assigns, and all those acting in active concert or in participation with any of them, are enjoined from:

2.    Directly or indirectly infringing any copyrighted work of Plaintiffs (or any parent, subsidiary, or affiliate of Plaintiffs) ("Plaintiffs Works"), *i.e.*, any textbook or other copyrighted work published under any of the imprints identified on Exhibit C to the Complaint (attached hereto as **Appendix A)** (the "Imprints");

3.    Directly or indirectly infringing any trademark of Plaintiffs (or any parent, subsidiary, or affiliate of Plaintiffs), including the trademarks associated with the Imprints;

4.    Directly or indirectly manufacturing, reproducing, importing, distributing (including returning goods purchased from another), offering for sale, and/or selling counterfeit copies of Plaintiffs' Works; and

5.    Enabling, facilitating, permitting, assisting, soliciting, encouraging, or inducing others to directly or indirectly infringe, manufacture, import, distribute, offer for sale, and/or sell counterfeit copies of Plaintiffs' Works.

6.    Defendants, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in active concert or participation with any of them, and third party providers for any of the Defendants who receive actual notice of this Preliminary Injunction, including, but not limited to, Online Marketplaces, online buyback websites, and Financial Institutions, must immediately locate all accounts, including all

directly or indirectly related or linked accounts, used to receive money from Defendants' textbook sales ("Defendants' Accounts") and immediately cease transferring, withdrawing, or otherwise disposing of any money or other assets in Defendants' Accounts, and cease allowing such money or other assets in Defendants' Accounts to be transferred, withdrawn, or otherwise disposed of pending further Order of this Court. Defendants' Accounts include but are not limited to: (a) Defendants' accounts with Online Marketplaces and online buyback websites; and (b) Defendants' accounts with banks, financial institutions, PayPal, Inc., or other payment processing companies that have received money or other assets from Defendants' Accounts or otherwise received sales proceeds from Defendants' accounts with Online Marketplaces or online buyback websites, including any such accounts or funds that are not U.S. based ("Financial Institutions").

7.      Defendants, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in active concert or participation with any of them, and any third party providers for any of the Defendants who receive actual notice of this Preliminary Injunction must immediately locate all physical copies of Plaintiffs' Works that are within their possession, custody, or control, and immediately cease selling, distributing, transferring, or disposing of such copies of Plaintiffs' Works related to or associated with any Defendant. Any copies of Plaintiffs' Works determined by Plaintiffs after inspection to be authentic and not counterfeit shall, upon

Plaintiffs' notice of such determination, be exempted from this Preliminary Injunction. "Third party providers" as used in this paragraph includes, but is not limited to, a person or entity holding physical copies of Plaintiffs' Works on Defendants' behalf, including, but not limited to, Radius International, Maria Delgado, Online Marketplaces, and online buyback websites. Such third party providers shall preserve such physical copies of Plaintiffs' Works related to or associated with any Defendant in a secure area pending inspection by Plaintiffs. Any copies of Plaintiffs' Works determined by Plaintiffs after inspection to be authentic and not counterfeit shall, upon Plaintiffs' notice of such determination, be exempted from this Preliminary Injunction.

8. Plaintiffs' counsel shall hold and preserve as evidence any books determined by Plaintiffs to be counterfeit through such inspection described above. If requested by Defendants, Plaintiffs shall make the counterfeit textbooks available to the Defendants for inspection at a time mutually convenient to Plaintiffs and Defendants.

9. Third party Walaa Awad is specifically excluded from the effect of this Preliminary Injunction, and its terms do not apply to her, unless and until further Ordered by the Court. Plaintiffs and Ms. Awad have entered into a Stipulated Preliminary Injunction setting forth specific terms as to Ms. Awad.

IT IS FURTHER ORDERED that this Preliminary Injunction shall remain in effect until further order of the Court.

## CONTINUED EXPEDITED DISCOVERY ORDER

The Court, having reviewed the Complaint, Plaintiffs' Memorandum of Law in Support of their Motion, supporting Declaration, and exhibits submitted therewith HEREBY FINDS:

Without the requested expedited discovery, Plaintiffs will not be able to determine the true identities and locations of Defendants and, ultimately, proceed with their claims and obtain any final relief to which they are entitled. The requested expedited discovery is also to effectuate the terms of the Preliminary Injunction.

IT IS HEREBY ORDERED that Plaintiffs' motion for leave to continue to take expedited discovery, prior to a Rule 26(f) conference, is GRANTED.

1.  Plaintiffs may immediately issue expedited discovery requests to Defendants and/or seek via subpoena from the Online Marketplaces, online buyback websites, PayPal, Inc., Financial Institutions, Radius International, and other service providers to Defendants and relevant third parties, who shall provide within five (5) days of service of the requests or subpoena written disclosure of the following information to Plaintiffs' counsel by e-mail at michele@oandzlaw.com to the full extent it is within the possession, custody, or control of the served party:

    a.  All names, physical addresses, e-mail addresses, Internet Protocol ("IP") addresses, and seller identification numbers and the current account balance associated with Defendants or Defendants' Accounts;

    b.  Any other online storefronts or seller names associated with or related

to Defendants, along with all names, physical addresses, e-mail addresses, IP addresses, and seller identification numbers corresponding to such online storefronts, seller names, and/or associated accounts;

c.    Defendants' Accounts with Financial Institutions, including complete account numbers and all names, physical addresses, e-mail addresses, and telephone numbers associated with Defendants' Accounts.

2.    IT IS FURTHER ORDERED that Plaintiffs may immediately issue expedited discovery requests to Defendants and/or seek via subpoena from the Online Marketplaces, online buyback websites, PayPal, Inc., Financial Institutions, and other service providers to Defendants and relevant third parties, who shall provide within seven (7) days of service of the requests or subpoena the following information to the full extent it is within the possession, custody, or control of the served party:

a.    Defendants' inventory of Plaintiffs' Works in a Defendant's or third party's possession, custody, or control, including the relevant title, ISBN, number of copies, and location of the inventory;

b.    Defendants' sales of Plaintiffs' Works from January 1, 2016 to the present, including Defendants' gross revenues received and, for each transaction, the relevant title, ISBN, number of copies sold, price per copy, date sold, and purchaser's city and state;

c.    Account statements and/or details for Defendants' Accounts,

including complete account numbers, current account balances, Internet Protocol ("IP") addresses used to access Defendants' Accounts, and the account holders' or signatories' true names, physical addresses, telephone numbers, and e-mail addresses;

d.    Information concerning any Financial Institution's connection to the United States, including, but not limited to, properties owned in the United States, correspondent accounts within the United States, correspondent accounts used by the Defendants, acquiring banks within the United States, acquiring banks utilized by the Defendants, settlement accounts within the United States, settlement accounts used by the Defendants, and statements promoting their settlement services and their service (provided through correspondent accounts) of providing U.S. dollar wire transfers to and from other countries for customers.

3.    IT IS FURTHER ORDERED that Plaintiffs may immediately issue expedited discovery requests to Defendants and/or subpoenas to Online Marketplaces, online buyback websites, Radius International, and other service providers to Defendants and relevant third parties seeking the inspection of Plaintiffs' Works held in inventory by or on behalf of a Defendant. Plaintiffs, Defendants, Radius International, Online Marketplaces, online buyback websites, and other third parties shall work cooperatively to coordinate the inspection of Plaintiffs' Works within twenty-one (21) days of Plaintiffs' request. Any of

Plaintiffs' Works that Plaintiffs confirm to be counterfeit through inspection shall be turned over to and held by Plaintiffs until this matter is concluded as to the respective Defendant. Plaintiffs shall provide notice of their determination to the respective Defendant promptly after completing the inspection. Plaintiffs shall promptly return any copies of Plaintiffs' Works that they do not determine to be counterfeit, and such Works shall be immediately exempt from the Preliminary Injunction.

4.   IT IS FURTHER ORDERED that Defendants, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in active concert or in participation with any of them, shall preserve, and are enjoined from destroying, concealing, or altering:

    a.   All of Plaintiffs' Works in their inventory or that otherwise are in their possession, custody, or control that were obtained by or from Defendants or maintained by Defendants.

    b.   All documents and data, whether hard copy or electronically stored information, that relate or may relate to Plaintiffs' claims in the Complaint, including, but not limited to, emails, voicemails, texts, other messaging communications (including WhatsApp), invoices, purchase and sale records, shipping and receiving documents, and financial documents concerning profits and losses that concern Plaintiffs' Works.

    c.   The application of this preservation Order to electronically stored

10

information includes, but is not limited to, files or data stored on computers or other storage media in Defendants' possession, custody, or control, such as hard disks, floppy disks, backup tapes, ZIP cartridges, USB drives, CDs, DVDs, and SD cards. Suspension of normal computer maintenance procedures, including but not limited to such procedures as defragmenting hard drives, deleting internet cookies, deleting browser history and favorites, and running any disk clean-up processes, is required if necessary to comply with this preservation Order.

d.   Failure to comply with the preservation Order may result in sanctions being imposed for spoliation of evidence, which can include, but is not limited to, monetary sanctions and adverse rulings against the party found to have engaged in spoliation.

Dated:  April 10, 2019

Entered:

John Robert Blakey
United States District Judge

11

**APPENDIX A:**
**PLAINTIFFS' IMPRINTS**

| BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC | CENGAGE LEARNING, INC. |
|---|---|
| Bedford, Freeman & Worth High School Publishers<br>Bedford/St. Martin's<br>BFW<br>BFW High School Publishers<br>Freeman<br>Macmillan Education<br>Macmillan Learning<br>W.H. Freeman & Company<br>Worth<br>Worth Publishers | Brooks Cole<br>Cengage<br>Cengage Learning<br>Course Technology<br>Delmar<br>Gale<br>Heinle<br>Milady<br>National Geographic Learning<br>South-Western Educational Publishing<br>Wadsworth |

| MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC | PEARSON EDUCATION, INC. |
|---|---|
| Irwin<br>Lange<br>McGraw-Hill<br>McGraw-Hill Education<br>McGraw-Hill Higher Education<br>McGraw-Hill Professional<br>McGraw-Hill Ryerson<br>McGraw-Hill/Appleton & Lange<br>McGraw-Hill/Contemporary<br>McGraw-Hill/Dushkin<br>McGraw-Hill/Irwin<br>NTC/Contemporary<br>Osborne<br>Schaum's | Addison Wesley<br>Adobe Press<br>Allyn & Bacon<br>Benjamin Cummings<br>Brady<br>Cisco Press<br>Financial Times Press/FT Press<br>IBM Press<br>Longman<br>New Riders Press<br>Peachpit Press<br>Pearson<br>Pearson Education<br>Prentice Hall<br>Que Publishing<br>Sams Publishing |